DYKEMA GOSSETT LLP
Craig N. Hentschel, SBN: 66178
chentschel@dykema.com
Walead Esmail, SBN: 266632
wesmail@dykema.com
Jeffrey A. Iloulian, SBN: 293633
jiloulian@dykema.com
333 South Grand Avenue
Suite 2100
Los Angeles, California 90071
Telephone:  (213) 457-1800
Facsimile:  (213) 457-1850

Attorneys for Plaintiff
BIONEUTRA NORTH AMERICA INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIONEUTRA NORTH AMERICA INC., a Canadian corporation, <br><br> Plaintiff, <br><br> vs. <br><br> TOP HEALTH INGREDIENTS INC., a Canadian corporation, <br><br> Defendant. | Case No. 2:14-cv-02082 <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> DEMAND FOR JURY TRIAL |

Plaintiff BioNeutra North America Inc. ("BioNeutra NA"), for its Complaint against Defendant Top Health Ingredients Inc. ("Defendant"), alleges:

## JURISDICTION AND VENUE

1.   This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2.   This Court has personal jurisdiction over Defendant because Defendant, upon information and belief, conducts business within the State of California, including marketing and selling the accused infringing products in the Central

District of California and maintaining a warehouse in this District for the shipping of the accused products to its customers.

3. Venue within this judicial district as to Defendant is proper under 28 U.S.C. §§ 1391(b) and 1400(b).

## THE PARTIES

4. Plaintiff BioNeutra NA is a corporation organized and existing under the laws of the Province of Alberta, Canada, having its principal place of business in the City of Edmonton, Province of Alberta, Canada. BioNeutra NA is a subsidiary of BioNeutra International Limited and the exclusive licensee of U.S. Patent No. 7,582,453 B2 and U.S. Patent No. 7,906,314 B2. BioNeutra NA is a premier North American designer, producer and supplier of high quality prebiotic and fiber ingredients and products. BioNeutra NA maintains a warehouse within the Central District of California for the shipping and receiving of its products, including products that are made pursuant to the processes claimed in U.S. Patent No. 7,582,453 B2 and U.S. Patent No. 7,906,314 B2.

5. Upon information and belief, Defendant is a corporation organized and existing under the laws of the Province of Alberta, Canada, having its principal place of business in the City of Edmonton, Province of Alberta, Canada. Upon information and belief, Defendant engages in the business of selling and shipping prebiotic and fiber ingredients and products, including the accused infringing products, within the United States and the Central District of California, and maintains a warehouse in Rancho Dominguez, California, from which products, including the accused infringing products, are distributed.

## GENERAL ALLEGATIONS

6. BioNeutra International Limited (initially under its previous name, Advance Will Technology Limited) is the owner by assignment of U.S. Patent 7,582,453 B2, entitled "Method to Control the Distribution of the Starch Sugar's Molecular Weight in Oligosaccharides Production," which was duly and legally issued by the United States

1  Patent and Trademark Office on September 1, 2009 ("the '453 Patent"). BioNeutra
2  International owned the '453 Patent throughout the period of Defendant's infringing acts
3  and still owns the '453 Patent. A copy of the '453 Patent is attached as Exhibit A to this
4  Complaint.
5       7.   The '453 Patent generally claims a method for increasing the concentration
6  of oligosaccharides in oligosaccharides products and reducing the concentration of the
7  remaining glucose and maltose, thus increasing the purity and health benefits of the
8  oligosaccharides products.
9       8.   BioNeutra International (initially under its previous name, Advance Will
10 Technology Limited) is the owner by assignment of U.S. Patent 7,906,314 B2, entitled
11 "Method for the Removal of Monosaccharide in Oligosaccharides Production," which
12 was duly and legally issued by the United States Patent and Trademark Office on March
13 15, 2011 ("the '314 Patent"). BioNeutra International owned the '314 Patent
14 throughout the period of Defendant's infringing acts and still owns the '314 Patent. A
15 copy of the '314 Patent is attached as Exhibit B to this Complaint.
16      9.   The '314 Patent generally claims a method for the removal of
17 monosaccharides from oligosaccharides (a low calorie sweetener with a number of
18 health benefits when used in dietary products) by yeast fermentation reaction. The
19 method described in the '314 Patent allows production of oligosaccharides with high
20 purity at a low cost.
21      10.  The '453 Patent and the '314 Patent are herein collectively referred to as
22 "the Patents."
23      11.  Through use of the methods claimed in the Patents, BioNeutra
24 International created a product under the trademark "VitaFiber." VitaFiber is a sweet,
25 natural fiber product providing low calorie and soluble prebiotic fiber for human
26 digestive health.
27
28

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

12. On or about July 12, 2008, BioNeutra International entered into an exclusive license agreement with a subsidiary, BioNeutra Inc., for the use of the Patents to produce and market products globally, including VitaFiber.

13. On or about October 2, 2009, BioNeutra Inc. entered into a Sales Representative Agreement with Defendant, appointing Defendant for a term of five years as BioNeutra Inc.'s sales representative to solicit orders globally for BioNeutra Inc.'s products, including VitaFiber. As part of Defendant's responsibilities as BioNeutra Inc.'s sales representative, Defendant had knowledge of the Patents. When Defendant worked as BioNeutra Inc.'s sales representative, BioNeutra Inc. and Defendant worked with Baolingbao Biology Co. Ltd. ("Baolingbao") in China to make VitaFiber pursuant to the patented processes claimed in the Patents.

14. In or about May 2012, the Sales Representative Agreement was terminated before its term expired.

15. BioNeutra NA is today the successor-in-interest to BioNeutra Inc. On or about February 17, 2012, BioNeutra International entered into an exclusive license agreement with BioNeutra NA (initially under its previous name, 1545589 Alberta LTD) for the use of the Patents to produce and market products globally, including VitaFiber.

16. Upon information and belief, at some time in or prior to June 2012, Defendant designed and began marketing and selling a sweet, natural fiber product providing low calorie and soluble prebiotic fiber for human digestive health under the name "AdvantaFiber."

17. AdvantaFiber is manufactured in China by Baolingbao at the direction of Defendant. Upon information and belief, Baolingbao acts as Defendant's agent with regard to the manufacture of AdvantaFiber.

18. Upon information and belief, because Defendant's AdvantaFiber product is similar to VitaFiber, and because AdvantaFiber is manufactured by Baolingbao, and further because Defendant began selling AdvantaFiber after the early termination of its agreement to be the sales agent for VitaFiber, the process by which AdvantaFiber is

made uses the same patented processes claimed in the Patents and used to make VitaFiber.

19. Since October 2012, BioNeutra NA has repeatedly requested that Defendant provide evidence that the process used to manufacture AdvantaFiber does not infringe on the Patents.

20. Defendant has repeatedly refused to disclose information to indicate or establish that the process used to manufacture AdvantaFiber is any different than the patented processes of the Patents used in making BioNeutra NA's VitaFiber product.

## COUNT ONE – INFRINGEMENT OF THE '453 PATENT

21. BioNeutra NA realleges and incorporates by reference the allegations set forth in paragraphs 1-20 above.

22. Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe the '453 Patent by making, using, marketing, distributing, importing, selling, and/or offering for sale, and/or by actively inducing and contributing to others' making, using, marketing, distributing, importing, selling, and/or offering for sale, in the United States and in the Central District of California, products that are covered by one or more claims of the '453 Patent literally and/or under the doctrine of equivalents. At all times during the infringement of the '453 Patent, which is ongoing, Defendant knew that its actions encouraged the infringement of the '453 Patent by others.

23. Upon information and belief, Defendant's infringement of the '453 Patent has been and continues to be willful.

24. As a direct and proximate result of Defendant's infringement of the '453 Patent, BioNeutra NA has suffered and will continue to suffer irreparable injury, for which it has no adequate remedy at law. BioNeutra NA has also been damaged and, until an injunction issues, will continue to be damaged in an amount yet to be determined, including but not limited to lost profits attributable to lost sales of BioNeutra NA's products.

## COUNT TWO – INFRINGEMENT OF THE '314 PATENT

25. BioNeutra NA realleges and incorporates by reference the allegations set forth in paragraphs 1-24 above.

26. Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe the '314 Patent by making, using, marketing, distributing, importing, selling, and/or offering for sale, and/or by actively inducing and contributing to others' making, using, marketing, distributing, importing, selling, and/or offering for sale, in the United States and in the Central District of California, products that are covered by one or more claims of the '314 Patent literally and/or under the doctrine of equivalents. At all times during the infringement of the '314 Patent, which is ongoing, Defendant knew that its actions encouraged the infringement of the '314 Patent by others.

27. Upon information and belief, Defendant's infringement of the '314 Patent has been and continues to be willful.

28. As a direct and proximate result of Defendant's infringement of the '314 Patent, BioNeutra NA has suffered and will continue to suffer irreparable injury, for which it has no adequate remedy at law. BioNeutra NA has also been damaged and, until an injunction issues, will continue to be damaged in an amount yet to be determined, including but not limited to lost profits attributable to lost sales of BioNeutra NA's products.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff BioNeutra NA prays for judgment against Defendant as follows:

A. That BioNeutra International Limited and Plaintiff BioNeutra North America Inc. are the owner and exclusive licensee, respectively, of the Patents, and of all rights of recovery thereunder, and that the Patents are good and valid in law;

B. That Defendant has infringed one or both of the Patents;

C. That Defendant's infringement of one or both of the Patents is willful;

D.    That Plaintiff be awarded damages caused by Defendant's infringement and the trebling of such damages because of the willful nature of Defendant's infringement;

E.    That Plaintiff be awarded pre-judgment and post-judgment interest on its award of damages;

F.    Preliminarily and permanently enjoining Defendant, its officers, agents, servants, employees, attorneys, all parent and subsidiary corporations and affiliates, their assigns and successors in interest, and those persons in active concert or participation with any of them who receive notice of the injunction, from continuing acts of infringement of the Patents;

G.    Adjudging this an exceptional case and awarding to Plaintiff its reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

H.    Awarding to Plaintiff its costs and disbursements incurred in this action; and

I.    Awarding to Plaintiff such other and further relief as this Court may deem just and proper.

Dated: March 18, 2014

**DYKEMA GOSSETT LLP**
Craig N. Hentschel
Walead Esmail
Jeffrey A. Iloulian

By: *[signature]*
Craig N. Hentschel
Attorneys for Plaintiff
BIONEUTRA NORTH AMERICA INC.

# DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all issues so triable.

Dated: March 18, 2014

**DYKEMA GOSSETT LLP**
Craig N. Hentschel
Walead E. Esmail
Jeffrey A. Iloulian

By: *[signature]*
Craig N. Hentschel
Attorneys for Plaintiff
BIONEUTRA NORTH AMERICA INC.

PAS01\738707.4